IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CHRISTOPHER SINTEL KING, | : |
| Petitioner | : |
| VS. | : |
| Sheriff GARY VOWELL, | : CIVIL ACTION NO.: 7:07-CV-73 (HL) |
| Respondent | : |

## **O R D E R**

Petitioner **CHRISTOPHER SINTEL KING**, a prisoner at the Tift County Law Enforcement Center in Tifton, Georgia, has filed a petition for writ of habeas corpus under 28 U.S.C. §2254. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). It appears that petitioner is unable to pay the cost of commencing this action and, therefore, petitioner's application to proceed *in forma pauperis* is hereby **GRANTED**.

Petitioner attacks his August 24, 2005 conviction in Tift County Superior Court for possession of marijuana with intent to distribute. Apparently, petitioner received a sentence of 24-36 months imprisonment for this conviction. Petitioner explains that he filed an out-of-time appeal with the Georgia Court of Appeals on February 6, 2006 and that the results of this appeal are "pending." Petitioner also states that he filed a state habeas corpus petition in the Superior Court of Tift County on May 5, 2006. Petitioner explains that the state habeas corpus "has not been heard or adjudicated."

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part:
> The original [habeas corpus] petition shall be presented promptly to
> a judge of the district court in accordance with the procedure of the
> court for the assignment of its business. The petition shall be

> examined promptly by the judge to whom it is assigned.  **If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge <u>shall</u> make an order for its summary dismissal and cause the petitioner to be notified.**  (Emphasis added)

Upon initial review of the petition filed herein, it clearly appears from the face of the petition that the petitioner has <u>not</u> exhausted state remedies available to him.  It has been well-settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." ***Picard v. Connor***, 404 U.S. 270, 275 (1971) (citing ***Ex Parte Royall***, 117 U.S. 241 (1886)).  This exhaustion requirement has been codified in 28 U.S.C. § 2254 (b)-(c).  The exhaustion requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." ***Wilwording v. Swenson***, 404 U.S. 249, 250 (1971) (quoting ***Fay v.Noia***, 372 U.S. 391, 438 (1963)).  Moreover, "[a] state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the state, through counsel, expressly waives the requirement."  28 U.S.C. § 2254(b)(3).  The State of Georgia has a stated policy of <u>not</u> waiving exhaustion.

Petitioner complains that his state habeas corpus petition has been pending for over one year and the Tift County Superior Court has not issued a ruling.  However, petitioner's remedy lies in the filing a of a mandamus in the state court; not the filing of a federal habeas petition. ***Jackson v. Walker***, 206 Fed. Appx. 967, 968-69 (11th Cir. 2006)(explaining that when a federal habeas petitioner maintains that his state habeas action has been pending for longer than is allowed under O.C.G.A. § 15-6-21, the Georgia Supreme Court considers "mandamus proper to compel a superior court judge to schedule a hearing to consider a prisoner's state habeas motion.").  Petitioner "has not exhausted all state remedies because Georgia law allows him to seek a writ of mandamus, compelling the superior court to rule on his state habeas petition." ***Id.*** at 969.  When a petitioner has not exhausted his state remedies, "the district court should dismiss the petition without prejudice."

*Rose v. Lundy*, 455 U.S. § 509, 519-20 (1982).

  Accordingly, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE** to the right of the petitioner to refile once he has exhausted all available state remedies.

  **SO ORDERED**, this 21st day of June, 2007.

              *s/ Hugh Lawson*
              HUGH LAWSON, JUDGE
              UNITED STATES DISTRICT COURT

lnb